UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE FAMOUS
    Plaintiff,

v.           Case No. 20-C-0510

JURY TRIAL DEMANDED

JOE JEZWINSKI, CARLO GAANAN,
LATOYA LORIA, sued in their
individual capacities, and
MELISSA MITCHELL, sued in
her individual and official
capacities
    Defendants.

Preliminary statement

    This is a civil rights action filed by Ronnie Famous, a state prisoner, for damages and injuctive relief under 42 u.s.c. § 1983 alleging failure to protect and denial of adequate medical care in violation of the Eighth Amendment to the U.S. constitution. The plaintiff also alleges the state tort of negligence.

Jurisdiction

1. The court has jurisdiction over the

the Plaintiff's claims of violation of Federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

2. The court has supplemental jurisdiction over the Plaintiff's state law tort claim under 28 U.S.C. § 1367(a).

3. The Plaintiff, Ronnie Famous, was incarcerated at Wisconsin Resource Center, P.O. Box 220, Winnebago, WI 54985 during the events described in this complaint.

4. Defendant Joe Iezwinski is employed by the state of Wisconsin Department of Health and Family Services as a Patient Care technician at the Wisconsin Resource Center, P.O. Box 220, Winnebago, WI 54985. He is sued in his individual capacity.

5. Defendants Carlo Gannan and Latoya Loria are medical doctors employed by the state of Wisconsin Department of Health and Family Services at the Wisconsin Resource Center, P.O. Box 220, Winnebago, WI 54985. They are sued in their individual capacity.

6. Defendant Melissa Mitchell is employed by the state of Wisconsin

Department of Health and Family Services as a Health Services Unit supervisor at the Wisconsin Resource Center, P.O. Box 220, Winnebago, WI 54985. She is sued in her individual and official capacities.

7. All of the defendants have acted and continue to act under color of state law at all times relevant to this complaint.

8. The Plaintiff has filed grievances and a Notice of claim, exhausting all of his administrative remedies concerning the facts of this complaint.

Facts

Eighth Amendment claim / Negligence

9. After receiving a number of foul meals while on unit H-15 Plaintiff volunteered to go to the segregation unit F-11. Then on 12-24-19 after receiving one of several very bad meals from PCT Jesse Doe that made Plaintiff sick, Plaintiff asked PCT Joe Jezwinski to inform the PCS F-11 supervisor that Plaintiff needed to speak with him and to also inform F-11 psychologist Ashley Spieglberg that Plaintiff needed to speak with her

because plaintiff was going to harm himself.

10. Jezwinski refused to inform PSU staff about the emergency.

11. Plaintiff then covered his window and told Jezwinski that he was going to harm himself.

12. Jezwinski then told plaintiff to go ahead and then walked away.

13. Jezwinski then came back to plaintiffs cell four separate times while plaintiff karate chopped the steel desk in his cell many times seriously injuring his little finger on his left hand to the point that its disfigured, deformed and hurts constantly. Jezwinski totally disregarded this excessive risk to Plaintiffs health and safety in violation of the Eighth Amendment.

Deliberate Indifference/malpractice

14. Plaintiff was then seen by the nurse and Dr. Carlo Gagnan, who ordered a ice bag, x-ray, Ibiprofin pain meds for a week and that plaintiffs two fingers be taped together to try to straighten the finger back out. And told Plaintiff some one would be seeing him.

-4-

15. After no one followed-up with plaintiff, the Ibiprofin ran out and plaintiffs condition became worse he asked to see the doctor and was seen by Dr. Latoya Loria on 1-30-20.

16. Defendant Loria showed Plaintiff the tendons in the finger on her computer and told Plaintiff his tendons are damaged and is whats causing his finger to be crooked and unable to bend. However, she will not order surgery at this time because plaintiff has four other good fingers to use and they don't operate on the little finger, but they would if it was the other fingers or the thumb. And that surgery is expensive and Plaintiff should keep using the Ibiprofin for the pain in violation of the Eighth Amendment.

17. Plaintiff then complained about the inadequate medical care to defendant HSU manager Melissa Mitchell who showed deliberate indifference to this failure to provide adequate medical care to plaintiff, where mitchell refused to do anything about plaintiffs worsening condition.

18. The condition of Plaintiffs finger is getting worse. It is crooked, numb, will not fully bend so that plaintiff can not

grip with it like he could do before the injury occurred. It hurts continuously, especially when plaintiff trys to make a fist and the Ibiprofin does not stop the pain completely. Also plaintiffs finger is deformed.

19. On information and belief Plaintiff will suffer permanent serious impermanent, i.e. never be able to fully bend his finger again if the tendons are left untreated or unrepaired.

20. If the defendants would refer Plaintiff to a specialist, i.e. hand doctor who could repair his damaged tendons, Plaintiff would be free from this unnecessary infiliction of pain.

21. Plaintiff may seek an injunction against conditions that may cause illness in the future, like the permanent impermanent of Plaintiffs finger. Helling v. McKinney, __ U.S. __ 113 S.Ct. 2475, 2480-81 (1993).

22. Plaintiff is suffering mental, emotional and physical pain as a result of the defendants refusal to adequately treat his injuries.

23. Under the constitution prison officials must provide medical care for serious

medical needs. The supreme court has ruled that deliberate indifference to serious medical needs of prisoners is cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).

24. This complaint alleges facts that state a constitutional claim under the Estelle v. Gamble standard because a medical need is serious if it carries the risks of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is witheld, Gutierrez v. Peters, 111 F.3d 1364, 1371-73 (7th cir. 1997), significantly affects an individuals daily activities, Chance v. Armstrong, 143 F.3d 698, 702 (2d cir. 1998), causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th cir. 1996), or otherwise subjects the prisoner to a substantial risk of serious harm, Famer v. Brennan, 511 U.S. 825 (1994). Deliberate indifference means that the officials were aware that plaintiff needed medical tretment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th cir. 1997).

25. The defendants are aware that the Plaintiff needs medical treatment

because he can not fully use his finger any more and it continuously hurts.

Claims For Relief

26. The actions of defendant Joe Jezwinski stated in paragraphs 9-13 constitute failure to protect in violation of the Eighth Amendment to the U.S. constitution.

27. The actions of defendants Carlo Gaanan, Latoya Loria and Melissa Mitchell stated in paragraphs 14-17 constitute deliberate indifference to Plaintiffs serious medical needs in violation of the Eighth Amendment to the U.S. constitution.

28. The actions of the defendants stated at paragraphs 9-17 also constitute the state tort of negligence.

To prevail on a claim for medical negligence in wisconsin, Plaintiff must prove that defendants breached their duty of care and that he suffered injury as a result. Paul v. Skemp, 2001 WI 42, ¶17, 242 Wis. 2d 507, 520, 625 N.W. 2d 860, 865.

Relief Requested

WHEREFORE, Plaintiff request that the

court grant the following relief:

A. Issue an injunction ordering defendants Carlo Gannan, Latoya Loria and Melissa Mitchell or their agents to:

1. Immediately have plaintiffs injured tendons treated by a hand doctor.

2. Carry out without delay the treatment for my damaged tendons.

B. Award compensatory damages in the following amounts:

1. $150.000. against each defendant.

C. Award punitive damages in the following amounts:

$160.000. against each defendant.

D. Grant such other relief as it may appear that plaintiff is entitled.

DECLARATION UNDER PENALTY OF PERJURY

I, declare under penalty of perjury that the forgoing is true and correct.

Dated: March 26, 2020

Respectfully submitted,
Ronnie Famous
RONNIE FAMOUS / Pro se
#068021 / WRC
P.O. Box 220
Winnebago, WI 54.985